UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTANCE RYBKA * | |
| Plaintiff * | |
| vs. * | Case Number: 1:06CV02210 RBW |
| BMW OF NORTH AMERICA, LLC * | |
| Defendant * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER OF BMW OF NORTH AMERICA, LLC

Comes now the named defendant, BMW of North America, LLC, by and through its counsel, Ronald G. DeWald and Lipshultz and Hone, Chartered, and in Answer to the plaintiff's Complaint states as follows:

1. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, is unable therefore to admit or deny the same, and thus the same are considered denied and this defendant demands strict proof thereof.

2. This defendant admits so much of the allegations of paragraph 2 of the Complaint that relate to it being a foreign corporation and the location of its principal corporate office. This defendant denies the remaining allegations in paragraph 2, including that it does business in the District of Columbia and demands strict proof thereof.

3. This defendant denies the allegations of paragraph 3 of the Complaint and demands strict proof thereof.

4. This defendant admits that it is the distributor of BMW motor vehicles in the United States. It denies the remaining allegations of paragraph 4 of the Complaint and demands strict proof thereof.

5. This defendant denies the allegations of paragraph 5 of the Complaint and demands strict proof thereof.

6. This defendant denies the allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, is unable therefore to admit or deny the same, and thus the same are considered denied and this defendant demands strict proof thereof.

8. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, is unable therefore to admit or deny the same, and thus the same are considered denied and this defendant demands strict proof thereof.

9. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, is unable therefore to admit or deny the same, and thus the same are considered denied and this defendant demands strict proof thereof.

10. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, is unable therefore to admit or deny the same, and thus the same are considered denied and this defendant demands strict proof thereof.

11. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, is unable therefore to admit or deny the same, and thus the same are considered denied and this defendant demands strict proof thereof.

12. This defendant denies the allegations of paragraph 12 of the Complaint and demands strict proof thereof.

### Count I

13. This defendant, in response to paragraph 13 of the Complaint, incorporates by reference its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. This defendant denies the allegations of paragraph 14 of the Complaint and demands strict proof thereof.

15. This defendant denies the allegations of paragraph 15 of the Complaint and demands strict proof thereof.

### Count II

16. This defendant, in response to paragraph 16 of the Complaint, incorporates by reference its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

17. This defendant denies the allegations of paragraph 17, of the Complaint and demands strict proof thereof.

18. This defendant denies the allegations of paragraph 18, of the Complaint and demands strict proof thereof.

19. This defendant denies the allegations of paragraph 19, of the Complaint and demands strict proof thereof.

### Count III

20. This defendant, in response to paragraph 20 of the Complaint, incorporates by reference its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

21. This defendant denies the allegations of paragraph 21, of the Complaint and demands strict proof thereof.

22. This defendant denies the allegations of paragraph 22, of the Complaint and demands strict proof thereof.

23. This defendant denies the allegations of paragraph 23, of the Complaint and demands strict proof thereof.

24. This defendant denies the allegations of paragraph 24, of the Complaint and demands strict proof thereof.

**FIRST AFFIRMATIVE DEFENSE:**

The Complaint, and each and every allegation thereof, fails to state a claim against this defendant either in law or in fact upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE:**

This defendant avers that the injuries and damages, if any, as alleged in the Complaint, were caused by the sole and/or contributory negligence of the female plaintiff and therefore the requested relief should be denied.

**THIRD AFFIRMATIVE DEFENSE:**

This defendant avers that the injuries and damages, if any, as alleged in the Complaint, were the result of an unavoidable accident, and therefore the requested relief should be denied.

**FOURTH AFFIRMATIVE DEFENSE:**

This defendant avers that if any injuries and damages occurred as alleged in the Complaint, then the risk of sustaining said injuries and damages was assumed by the female plaintiff and therefore the requested relief should be denied.

**FIFTH AFFIRMATIVE DEFENSE:**

This defendant avers that the injuries and damages, if any, as alleged in the Complaint, were due to the sole, joint and/or concurrent neglect of a person or persons, or an entity or entities other than this defendant.

**SIXTH AFFIRMATIVE DEFENSE:**

This defendant avers that the plaintiff has failed to join an indispensable party and therefore the requested relief should be denied.

**SEVENTH AFFIRMATIVE DEFENSE:**

This defendant avers that if the plaintiff sustained injuries and damages as alleged, same were not proximately caused or contributed to by this defendant or any product designed, manufactured or distributed by this defendant.

**EIGHTH AFFIRMATIVE DEFENSE:**

This defendant avers that the product which is the subject matter of this litigation was not defective when it left this defendant's possession and/or control, if, in fact, this defendant had such possession and/or control of said product.

**NINTH AFFIRMATIVE DEFENSE:**

This defendant avers that any product allegedly distributed by this defendant was improperly maintained, and was no longer in substantially the same condition and integrity as when said product left the possession and/or control of this defendant, if, in fact, this defendant ever had such possession and/or control of said product.

**TENTH AFFIRMATIVE DEFENSE:**

This defendant avers that the product which is the subject matter of this litigation was not dangerous or unreasonably dangerous when it left this defendant's possession and/or control, if, in fact, this defendant had such possession and/or control of said product.

**ELEVENTH AFFIRMATIVE DEFENSE:**

This defendant avers that if the plaintiff sustained injuries and damages as alleged, then said injuries and damages resulted directly from the unforeseeable misuse, improper application, or material alteration of the product allegedly distributed by this defendant.

**TWELFTH AFFIRMATIVE DEFENSE:**

This defendant avers that if the plaintiff sustained injuries and damages as alleged, then same were proximately caused by superceding and/or intervening conduct or acts of others which exculpate this defendant from any liability.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

This defendant avers that the application of the principles of "strict liability" against this defendant in this action, whether based on Section 402(A) of the Restatement of Torts, or on State Law, is unconstitutional in that it is vague and violates this defendant's constitutional rights and guarantees to substantive and procedural due process.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

This defendant avers that if the plaintiff sustained injuries and damages as alleged, purchased the vehicle in Maryland as alleged, and was a resident of Maryland at the time of the injury as alleged, then plaintiff's recovery is limited in amount by the provisions of the Maryland Annotated Code, Courts and Judicial Proceedings Article, Section 11-108.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

This defendant avers that the claims of the plaintiff, including allegations of defectiveness, failure to warn or notify, inadequacy of warnings or notifications, failure to adequately test and inspect, and/or design or manufacturing deficiencies are preempted by the Federal Motor Vehicle Safety Act and regulations and rulings promulgated thereunder.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

This defendant avers that it did not contract, guarantee, or warranty as the plaintiff has alleged.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

This defendant avers that the plaintiff has not given adequate notice of a breach of warranty, non-conformity, defect, or condition.

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

This defendant avers that the claims of the plaintiff are barred by the applicable statute of limitations, including but not limited to the time limit contained in Maryland Annotated Code Commercial Law Article §§2-725.

**NINETEENTH AFFIRMATIVE DEFENSE:**

This defendant avers that the claims of the plaintiff are barred by the applicable statute of repose.

**TWENTIETH AFFIRMATIVE DEFENSE:**

This defendant avers that the claims of the plaintiff are barred by the principles of estoppel and waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE:**

This defendant avers that the plaintiff's claim is barred by payment and/or release.

**TWENTY-SECOND AFFIRMATIVE DEFENSE:**

This defendant avers that this Court lacks jurisdiction over the subject matter of this action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE:**

This defendant avers that the action as brought in the District of Columbia is instituted in an improper venue.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE:**

This defendant avers that all allegations of the Complaint which have not been expressly admitted are deemed denied and that strict proof thereof is demanded.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE:**

The foregoing Answer was prepared based upon this defendant's general experience and knowledge and without specific investigation of the facts and circumstances surrounding the incident complained of. This defendant reserves the right to amend its answer based upon its investigation of the facts and circumstances surrounding the incident complained of by the plaintiff.

**WHEREFORE,** the responding defendant, BMW of North America, LLC prays that the Plaintiff's Complaint be dismissed with prejudice as to it, or that judgment be entered in its favor on said Complaint for costs and reasonable attorneys fees and for the entry of any other relief that this court deems proper.

/s/ Ronald G. DeWald
_____
Ronald G. DeWald, Esquire #00564
Lipshultz and Hone, Chartered
Suite 108 - Montgomery Center
8630 Fenton Street
Silver Spring, Maryland 20910
**Attorneys for Defendant**
**BMW of North America, LLC**