UNITED STATES DISTRICT COURT
For the District of Columbia

| | | |
|---|---|---|
| CONSTANCE RYBKA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:06CV2210 (RBW) |
| | : | |
| | : | |
| BMW OF NORTH AMERICA, LLC, | : | |
|     Defendant. | : | |

JOINT MEET AND CONFER REPORT

Pursuant to L.Cv.R. 16.3 and Rule 26(f) of the Federal Rules of Civil Procedure, the parties to this action respectfully submit this as their joint meet and confer report.

INTRODUCTORY STATEMENT

This is a products liability, breach of warranty and negligence action which was originally filed in the Superior Court of the District of Columbia by a resident of the State of Maryland against a nonresident corporation for personal injuries suffered in a traffic accident in the District of Columbia where the airbags in the vehicle did not deploy. Pursuant to 28 U.S.C. 1441 *et seq*., and 28 U.S.C. 1332, this matter was subsequently removed by the Defendant to the United States District Court for the District of Columbia.

1. **Dispositive Motions:** No dispositive motions have been filed to date. The Defendant will likely move for summary judgment after the close of discovery.

2. **Joinder of Other Parties and Agreed Issues:** At present, the parties are unaware of any required amendment to the pleadings or any other parties to be joined in this action.

However, if either party concludes to join one or more new parties or amend, same should be done by April 18, 2007. Whether some of the factual or legal issues can be agreed upon or narrowed will depend on the results of discovery.

3. **Magistrate Judge Assignment:** The Plaintiff has no objection to the assignment of this case to a Magistrate Judge for all purposes. The Defendant does not consent to this matter being assigned to a Magistrate Judge for any purpose other than mediation.

4. **Settlement:** It is too early to determine if there is a realistic possibility of settling the case.

5. **Alternative Dispute Resolution:** The Plaintiff is willing to engage in mediation at any time, including prior to the initiation of discovery. The Defendant, at this time, does not believe the case would benefit from any form of ADR, however it would request that any ADR follow the conclusion of discovery.

6. **Motion for Summary Judgment and/or to Dismiss:** It is not possible at this point to evaluate dispositive motions. The parties propose that the deadline for dispositive motions should be at least thirty days after the conclusion of discovery.

7. **Initial Disclosure:** The parties have agreed to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8. **Discovery:** The parties propose twenty-five interrogatories, unlimited but reasonable requests for production of documents, unlimited but reasonable requests for admission of facts, and ten depositions per side. The parties propose that all discovery including answers to interrogatories, document production, responses to requests for admissions, and

depositions be concluded by October 2, 2007. Depending upon the discovery requested, the Defendant may require a protective order for confidential information. The parties have not agreed to universally waive the one day/seven hour per deposition requirement of Fed. R. Civ. P. 30(d)(2) and L.Cv.R. 26.2, but reserve the right to modify by stipulation the deposition scheduling and length based upon the deponents and scheduling by counsel.

9. **Expert Witnesses:** Pursuant to a Case Tracking Schedule in this Court, the parties propose that

> (i) initial written discovery requests be issued not later than March 16, 2007,
>
> (ii) the Plaintiff's Rule 26(a)(2) expert witness disclosure/reports be filed not later than May 2, 2007,
>
> (iii) the Defendant's initial expert witness disclosure/reports be filed not later than July 2, 2007,
>
> (iv) any supplemental expert witness disclosure/reports be filed not later than August 2, 2007,
>
> (v) discovery close on October 2, 2007, and
>
> (vi) dispositive motions be filed not later than November 2, 2007.

10. **Class Action:** Not Applicable.

11. **Bifurcation and Phase Management:** At this time, the parties do not believe that either trial or discovery should be bifurcated or managed in phases. However, the Defendant reserves the right to request bifurcation as the case develops.

12. **Pretrial Conference:**  The parties propose that the pretrial conference be scheduled on or about December 10, 2007.

13. **Trial Date:** The parties suggest that the trial date should be set at the pretrial conference.

14. **Additional Matters:** At this time, there are no other matters appropriate for inclusion in a scheduling order.

        Respectfully submitted,

/S/
JAMES T. MALONEY #254102
Maloney & Mohsen PLLC
4201 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20008-1163
Tel: (202) 237-6800  x202
Fax: (202) 966-5270
*Counsel For Plaintiff*

/S/
RONALD G. DEWALD #00564
Lipshitz & Hone, Chartered
Suite 108 – Montgomery Center
8630 Fenton Street
Silver Spring, MD 20910
Tel: (301) 587-8500
Fax: (301) 495-9759
*Counsel For Defendant*

# UNITED STATES DISTRICT COURT
For the District of Columbia

| | | |
|---|---|---|
| CONSTANCE RYBKA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:06CV2210 (RBW) |
| | : | |
| | : | |
| BMW OF NORTH AMERICA, LLC, | : | |
| Defendant. | : | |

## SCHEDULING ORDER

Pursuant to the parties' *Joint Meet and Confer Report* filed pursuant to L.Cv.R. 16.3, it is hereby

ORDERED that:

1. Each party will be limited to twenty-five interrogatories and ten depositions. The parties are permitted to dispense with the initial disclosures required by L.Cv.R. 26(a)(1). All discovery, including answers to interrogatories, document production, responses to requests for admissions, and depositions shall be concluded by October 2, 2007. The parties shall be bound by the one day/seven hour per deposition requirement of F.R.Cv.P. 30(d) but may modify by stipulation the deposition scheduling and length based upon the deponents and scheduling by counsel.

2. Discovery shall be concluded and motions shall be filed pursuant to the following schedule agreed upon by the parties:

   (i) Initial written discovery requests shall be issued not later than March 16, 2007;

(ii) The Plaintiff's Rule 26(a)(2) expert witness disclosure/reports shall be filed not later than May 2, 2007;

(iii) The Defendant's initial expert witness disclosure/reports be filed not later than July 2, 2007;

(iv) Any supplemental expert witness disclosure/reports shall be filed not later than August 2, 2007;

(v) Discovery shall close on October 2, 2007; and

(vi) Dispositive motions shallbe filed not later than November 2, 2007.

4. Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve any discovery dispute, counsel shall arrange a joint telephone conference with the Court.

5.. There shall be a Pretrial Conference in this Court's chambers at _____ AM/PM on _____. The parties shall file and serve their Joint Pretrial Statement not later than _____. The date for the trial of this matter will be set at the Pretrial Conference.

   IT IS SO ORDERED.

               _____
               UNITED STATES DISTRICT JUDGE